**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **FREDI CESAR CRUZ,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | **CIVIL NO. DLB-26-1421** |
| **v.** | * | |
| | * | |
| **TODD BLANCHE, Acting Attorney** | * | |
| **General, ET AL.,** | * | |
| | * | |
| **Respondents.** | * | |
| | ******* | |

## ORDER

Upon consideration of the Petition for Writ of Habeas Corpus (ECF 1) (the "Petition"), the Joint Notice filed by the Parties, the entire record in this case, the previous opinions of this Court in *Velasquez v. Noem*, No. 25-cv-3215-GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Villanueva Funes v. Noem*, No. 25-cv-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026) and *Leal-Hernandez v. Noem,* No. 25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025), and the reasoning of the Central District of California in *Maldonado Bautista v. Noem* decisions, at 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) and 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), and notwithstanding the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. Feb. 6, 2026), I find that no further briefing is necessary, and the Petition can be decided without a hearing.

Accordingly, it is

**ORDERED** that the Petition is **GRANTED-IN-PART**, insofar as the Petitioner is entitled to the relief set forth below; and **DENIED** as to any other further relief at this time; and it is further

**ORDERED** that the Court incorporates into the record of this case Respondents' arguments from the cases identified above; and it is further

**ORDERED** that:

a.  Petitioner is detained under 8 U.S.C. § 1226(a) and Respondents are enjoined from detaining Petitioner under 8 U.S.C. § 1225(b);

b.  Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), which shall be held within 14 days of the Petitioner's filing of a motion with the Immigration Court with meaningful consideration by the Immigration Judge of applicable, relevant factors;

c.  The bond hearing may be conducted by any Immigration Judge having jurisdiction or administrative control over Petitioner's detention or having administrative control over Petitioner's immigration case or removal proceedings and need not take place in Maryland; but, Petitioner must be present (in person or by video) and able to participate in the hearing;

d.  If bond is granted and Petitioner is released, nothing in this Order precludes Respondents from imposing reasonable conditions of release;

e.  Petitioner shall file a status report with this Court if a bond hearing is not held by an Immigration Judge within 14 days of the filing of a motion for a bond hearing;

f.  Petitioner shall file a status report within 14 days of this Order.

g.  Any request for attorney's fees and costs is denied; and it is further

ORDERED that this Court shall **RETAIN** jurisdiction to enforce compliance with this Order.

Dated:  April 15, 2026

The Honorable Deborah L. Boardman
United States District Court Judge

7